UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARLA OWEN AND
ROBERT OWEN,

    Plaintiffs,

v.                                  Case No. _____

CAPITAL ACCOUNTS, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Darla Owen (individually referred to as "Darla") and Robert Owen (individually referred to as "Robert") (collectively referred to as "Plaintiffs"), through undersigned counsel, sues Defendant Capital Accounts, LLC and allege:

### Introduction

1. This is an action alleging Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7. This Court has original jurisdiction over Plaintiffs' claims arising under the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

8. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Tennessee, this suit arises out of Defendants' specific conduct with Plaintiffs in Tennessee, and Plaintiffs were injured in Tennessee.

9. Venue is appropriate in the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' claims occurred in Davidson County, Tennessee.

10. Plaintiffs are natural persons and residents of the State of Tennessee, residing in Nashville, Davidson County, Tennessee.

11. Defendant Capital Accounts, LLC is a foreign corporation organized in Tennessee, with its principal place of business located at 310 Billingsly Court, Franklin, Tennessee 37067, and which conducts business in the State of Tennessee through its registered agent, Incorp Services, Inc. located at 216 Centerview Drive, Suite 317, Brentwood, Tennessee 37027.

## **General Allegations**

12. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3).

13. Plaintiffs are "alleged debtors."

14. Each Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

15. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

16. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

17. Defendant called Plaintiffs on Plaintiffs' cellular telephones dozens of times in an attempt to collect an alleged debt.

18. Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

19. Plaintiff Darla Owen, is the subscriber, regular user and carrier of the cellular telephone number (615) ***-3065 and was the called party and recipient of Defendant's calls.

20. Plaintiff Robert Owen, is the subscriber, regular user and carrier of the cellular telephone number (615) ***-1482 and was the called party and recipient of Defendant's calls.

21. Upon receipt of the calls from Defendant, Plaintiffs' caller ID's identified the calls were being initiated from, but not limited to, the following phone numbers: 865-415-0502; 865-444-0576; 865-512-1424; and 865-512-1433.

22. Upon information and belief, some or all of the calls Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their telephones before a voice came on the line and they received prerecorded messages from Defendant.

23. On several occasions since Defendant's campaign of phone calls began, Plaintiffs instructed Defendant's agents/representatives to stop calling their cellular telephones.

24. For instance, on or around January 25, 2018, Plaintiff Robert Owen received a call from Defendant, calling from the phone number 865-512-1433. Plaintiff Robert Owen answered the call and demanded that the calls to his cellular phone stop. However, the calls did not stop.

25. In or around June 2018, Plaintiff Darla Owen received a call from Defendant, calling from the phone number 865-415-0502. Plaintiff Darla Owen answered the call and demanded that the calls to her cellular phone stop. However, the calls did not stop.

26. Plaintiffs repeatedly demanded that Defendant stop calling his cell phone, but the calls continued.

27. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiffs on their cellular telephones, Defendant continues to place automated calls to Plaintiffs.

28. Plaintiffs' numerous conversations with Defendant's agents/representatives over the telephone, wherein they demanded cessation of calls, were in vain as Defendant continued to bombard them with automated calls unabated.

29. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to call Plaintiffs' cellular telephones in this case.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to call Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiffs, or Defendant, to remove the number.

32. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs despite these individuals explaining to Defendant they wish for the calls to stop.

33. Defendant has numerous complaints across the country against them asserting that their automatic telephone dialing system continues to call despite requests to stop.

34. Defendant has had numerous complaints from consumers across the country asking to not be called; however, Defendant continues to call the consumers.

Page 5 of 11
Case 3:19-cv-00025   Document 1   Filed 01/07/19   Page 5 of 11 PageID #: 5

35. Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

36. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Defendant to Plaintiffs was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

39. From each and every call Defendant placed to Plaintiffs' cellular telephones without consent, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

40. From each and every call Defendant placed to Plaintiffs' cellular telephones without consent, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the telephones unavailable for legitimate callers or outgoing calls while the telephones were ringing from Defendant's calls.

41. From each and every call Defendant placed to Plaintiffs' cellular telephones without consent, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

42. Each and every call Defendant placed to Plaintiffs' cellular telephones without consent was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

43. Each and every call Defendant placed to Plaintiffs' cellular telephones without consent resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephone's battery power.

44. Each and every call Defendant placed to Plaintiffs' cellular telephones without consent where a voice message was left, occupied space in Plaintiffs' telephones or network.

45. Each and every call Defendant placed to Plaintiffs' cellular telephones without consent resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephones and their cellular telephone's services.

46. As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, distress and aggravation.

## COUNT I
**(Violation of the TCPA with respect to Plaintiff Darla Owen)**

47. Plaintiff Darla Owen fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiff Darla Owen, especially for each of the auto-dialer calls made to her cellular telephone after she notified Defendant that she wished for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff Darla Owen's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Darla Owen's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff Darla Owen respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the TCPA with respect to Plaintiff Robert Owen)

50. Plaintiff Robert Owen fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

51. Defendant willfully violated the TCPA with respect to Plaintiff Robert Owen, especially for each of the auto-dialer calls made to his cellular telephone after he notified Defendant that he wished for the calls to stop.

52. Defendant repeatedly placed non-emergency telephone calls to Plaintiff Robert Owen's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Robert Owen's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff Robert Owen respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### (Violation of the FDCPA with Respect to Plaintiff Darla Owen)

53. Plaintiff Darla Owen fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

54. At all times relevant to this action, Defendant was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

55. Defendant has violated 15 U.S.C. § 1692d by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Defendant has violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

57. Defendant has violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff Darla Owen respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FDCPA with Respect to Plaintiff Robert Owen)

58. Plaintiff Robert Owen fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

59. At all times relevant to this action, Defendant was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

60. Defendant has violated 15 U.S.C. § 1692d by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

61. Defendant has violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

62. Defendant has violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff Robert Owen respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esquire
Tennessee Bar No.: 035859
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 225-5505
Facsimile: (813) 222-2490
FKerney@ForThePeople.com
JessicaK@ForThePeople.com
*Attorney for Plaintiff*

/s/Zachary Wiley, Esquire
Zachary Wiley, Esquire
BPR #: 031459
Morgan & Morgan
810 Broadway, Suite 105
Nashville, TN 37203
T: (615) 514-4209
F: (615) 986-6183
ZWiley@ForThePeople.com
RForrest@ForThePeople.com
*Local Counsel for Plaintiff*